UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SODHI SINGH,<br><br>         Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, et al.,<br><br>         Respondents. | Case No.: 3:26-cv-913-CAB-BJW<br><br>**ORDER PARTIALLY GRANTING A WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Sodhi Singh's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] Petitioner claims he is being detained by immigration authorities in violation of the Fifth Amendment. [*Id.* at 10–13.] He seeks immediate release or, at minimum, a bond hearing before a neutral decisionmaker. [*Id.* at 14.] For the reasons below, the Court **PARTIALLY GRANTS** the request for a writ of habeas corpus and **ORDERS** that Petitioner receive an individualized bond hearing.

## I.  BACKGROUND

Petitioner is an Indian citizen who entered the United States without inspection near San Ysidro, California on December 13, 2024. [*Id.* at 6.] He was determined to be an inadmissible arriving alien, taken into Immigration and Customs Enforcement ("ICE") custody, and placed into expedited removal proceedings under 8 U.S.C. § 1225(b). [*Id.* at

6; Doc. No. 4 at 1–2.] He was given a credible fear interview and received a positive credible fear determination. [Petition at 6.] He was then issued a Notice to Appear before an immigration judge ("IJ") on February 20, 2025. [*Id.*] Following several master calendar hearings and continuances due to Petitioner and to Respondents, the IJ denied Petitioner's asylum claim on October 24, 2025. [Doc. No. 4 at 2.] Petitioner has appealed that denial to the Board of Immigration Appeals ("BIA"), which remains pending. [*Id.*]

## II.   LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.   DISCUSSION

### a. Jurisdiction

Respondents challenge this Court's jurisdiction based on 8 U.S.C. § 1252(g). [Doc. No. 4 at 3–4.] This Court and innumerable others have repeatedly rejected the same jurisdictional argument under similar factual scenarios. Because Petitioner challenges the legality of his detention and not the decision to commence removal proceedings, the adjudication of his removal case, or any action to execute a removal order, the Court rejects Respondents' jurisdictional arguments by adopting and incorporating by reference the same reasoning expressed in *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1138–39 (S.D. Cal. 2025).

### b. Due Process Claim

Petitioner argues that his prolonged detention without a bond hearing—nearly fifteen months—violates his Fifth Amendment right to due process. [Petition at 6.] Respondents counter that the relevant statutory language of § 1225(b)(1) and Supreme Court precedent require Petitioner's detention until his removal proceedings are resolved. [Doc. No. 4 at

4–9.] Respondents cite to *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 138–40 (2020) to argue that Petitioner has no due process rights beyond those afforded by statute. [Doc. No. 4 at 6.] The Court has previously discussed that while Supreme Court precedent does establish that the *statutory language* of § 1225(b) mandates detention, the Supreme Court did not decide the *constitutional question* of whether indefinite detention is permitted. *L.R.G. v. LaRose*, 3:25-CV-3490-CAB-MSB, Doc. No. 13 at 5–6 (S.D. Cal. Jan. 16, 2026). And as the Court recently held in *L.R.G.*—faced with the same arguments by Respondents—a due process violation may occur when § 1225(b)(1) results in practically indefinite civil detention. *Id.* at *6.

Though there is no brightline test for a violation, this Court and many others have used the *Banda* test which considers the following six factors to determine when detention under § 1225(b)(1) violates due process: (1) the total length of detention to date, which is the most important factor; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in removal proceedings caused by the detainee; (5) delays in removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019).

The first factor weighs in Petitioner's favor given that he has been detained for nearly fifteen months. *See Sibomana v. LaRose*, No. 22-CV-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) (finding that courts are typically wary of continued custody without a bond hearing when detention extends beyond one year). Regarding the second *Banda* factor, which consists of the "anticipated duration of all removal proceedings—including administrative and judicial appeals[,]" 385 F. Supp. 3d at 1119, Petitioner has a pending BIA appeal and it is likely that his appeals process will take at least several months. [*See* Petition at 13.] Accordingly, the second factor favors Petitioner. As to the third *Banda* factor, Petitioner's confinement is similar to penal confinement because, as the Court explained with respect to the petitioner in *L.R.G. v. LaRose*, who was also detained at Otay Mesa Detention Center, Petitioner is detained "in a secure facility, guarded by armed

personnel, and has restricted access to outdoor space, activities, and communication." No. 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *8 (S.D. Cal. January 16, 2026).

As to the fourth and fifth factors, Petitioner states that the government caused the majority of the delays, [Petition at 12], while Respondents offer a blanket denial of responsibility for the delays, [Doc. No. 4 at 8]. Petitioner states that it was difficult to consult with counsel due to his detention and that the IJ reset Petitioner's hearing due to backlog. [Petition at 12; Doc. No. 4 at 3–4.]. Given the circumstances of Petitioner's delays—to obtain counsel and prepare his arguments—and the fact there is no evidence that Petitioner deliberately sought to delay the proceedings to obtain a bond hearing, the fourth and fifth factors weigh slightly in Petitioner's favor. *See Bayani v. LaRose*, 3:26-CV-266-JES-VET, 2026 WL 194748, at *3 (S.D. Cal. Jan. 26, 2026) ("[A] petitioner's pursuit of defenses to removal should not be held against a determination that they are entitled to due process."). Finally, the Court finds the sixth factor neutral as it is unclear what the result of Petitioner's removal proceedings will be.

In sum, factors one (the most important), two, three, four, and five weigh for Petitioner, while factor six is neutral. The Court thus concludes that Petitioner's continued mandatory detention under § 1225(b)(1) without a bond hearing violates his right to due process. Petitioner is entitled to a prompt and individualized bond hearing before an immigration court, at which Respondents must justify his continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) ("Given the substantial liberty interest at stake . . . we hold that the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond[.]")

///
///
///

## IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. The Court therefore **PARTIALLY GRANTS** the writ of habeas corpus and **ORDERS** Respondents to provide Petitioner an individualized bond hearing by **March 18, 2026**. Respondents shall update the Court on the result of the bond hearing by **March 20, 2026**. The Petition is otherwise **DENIED**.

It is **SO ORDERED**.

Dated: March 4, 2026

Hon. Cathy Ann Bencivengo
United States District Judge